1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTHONY TYRONE GARRISON,

11              Plaintiff,                  No. 2:13-cv-0479 JAM KJN P

12         vs.

13    OFFICER BAUTISTA, et al.,

14              Defendants.                 ORDER

15    _____/

16         Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C.

17    § 1983.  Plaintiff requests the appointment of counsel.  Plaintiff explains that the assistance of

18    appointed counsel is necessary "to help me understand how to proceed."  (ECF No. 12 at 1.)

19    Plaintiff states that he "can't read that well and [doesn't] understand these court papers sent to

20    me, let alone comprehend them."  (Id.)  Plaintiff further states that, if the court does not appoint

21    counsel, then this action should be dismissed and the deductions from plaintiff's prison trust

22    account for payment of the filing fee (pursuant to the court granting plaintiff in forma pauperis

23    status) be stopped and refunded.  On the other hand, states plaintiff, if the court does appoint

24    counsel, then the Vallejo Police Department ("VPD") should be added as a defendant.  Currently,

25    this action proceeds only against defendant VPD Officer Bautista.

26    ////

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of counsel.

In the present case, the court found upon screening the initial complaint, that plaintiff had stated a potentially cognizable claim for relief against defendant Bautista, for the use of excessive force against plaintiff on November 10, 2012. Because the alleged event apparently took place while plaintiff was a pretrial detainee, the court found this claim potentially cognizable, pursuant to 42 U.S.C. § 1983, under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's proscription against cruel and unusual punishment. (ECF No. 8.) Thus, the court found, upon initial screening, that plaintiff was able to articulate his claim, despite the complexity of the legal issues involved, and that there was some likelihood of success on the merits of his claim. Despite plaintiff's current protestations to the contrary, the court continues to abide by these assessments. Plaintiff's concern that he is unfamiliar with the legal process (a process which he initiated) is common to most prisoners. Plaintiff's assertion that he has limited reading skills is not supported by a review of his writing skills, which appear to be above the norm. Having thus considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff states that, if the court does not appoint counsel, then he wants to dismiss this action. However, even if this action is dismissed, plaintiff remains committed to paying the full filing fee. The order granting plaintiff in forma pauperis status, and directing regular deductions from his prison trust account to pay the full filing fee, will remain in force.

Plaintiff has not stated a potentially cognizable claim against the VPD. Plaintiff's claims against VPD must be construed to be against the city of Vallejo. While local governmental units (cities, counties) are considered to be "persons" within the meaning of Section 1983, local governmental units (police, sheriff) are not. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690-91 n.54 (1978), and related text; United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005). However, in order to state a potentially cognizable claim against the city of Vallejo, plaintiff must reasonably allege that the challenged incident reflected municipal policy. Monell, 436 U.S. at 690-91. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985). Because the complaint fails to make any of these allegations, or may reasonably be construed to support such allegations, it fails to state a potentially cognizable claim against the city of Vallejo.

Thus, as currently framed, this action proceeds only against defendant Bautista. Plaintiff has now submitted the information necessary to serve process on defendant Bautista. However, in light of plaintiff's recent filing, the court will postpone directing the U.S. Marshal to serve process on defendant Bautista, until plaintiff expressly informs the court that he intends to proceed. Plaintiff may, alternatively, request voluntary dismissal of this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) (authorizes dismissal by plaintiff before opposing party serves a responsive pleading).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 12), is denied without prejudice.

2. Plaintiff shall, within fourteen (14) days after service of this order, inform the court whether he:  (a) intends to proceed with this action against defendant Bautista, and requests that the court proceed by directing the U.S. Marshal to serve process on Bautista; OR (b) requests the voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Plaintiff is informed that, regardless of his choice, he remains responsible for full payment of the filing fee pursuant to the court granting him in forma pauperis status.

3. Failure of plaintiff to timely inform the court of his choice, as set forth in Number 2, above, shall result in the dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).

SO ORDERED.

DATED:  June 11, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garr0479.31.etc.kjn

4