IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TYRONE GARRISON

    Plaintiff,                    No. 2:13-cv-0479 JAM KJN P

    vs.

OFFICER BAUTISTA,

    Defendant.                  <u>ORDER</u>

                              /

        Plaintiff initiated this civil rights action while incarcerated at Napa County Jail. On July 26, 2013, the court reopened this case at plaintiff's request, but informed plaintiff that "the court will view with disfavor any future requests to deviate from the routine procedures of this court, particularly when premised on plaintiff's failure to abide by court orders." (ECF No. 17 at 1 (fn. omitted).) On August 2, 2013, the court directed the U.S. Marshal to serve process on sole defendant Vallejo Police Officer Bautista, for the alleged use of excessive force against plaintiff on November 10, 2012. (ECF No. 20.)

        Plaintiff now informs the court that he was recently transferred to Solano County Jail (apparently temporarily), where he has allegedly been denied access to his legal materials. Plaintiff requires reasonable access to his legal materials in order to proceed with this action.

1

Plaintiff also requests that the City of Vallejo be added as a defendant in this action, "since I couldn't add on the Vallejo Police Dept." (ECF No. 22.) Review of plaintiff's complaint demonstrates that plaintiff has failed to allege facts sufficient to state a cognizable claim against either entity, i.e. plaintiff does not allege that defendant Bautista's challenged conduct reflected municipal policy or practice. "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992) (original emphasis), citing Monell, 436 U.S. at 694-695.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a court order directing the Solano County Jail to accord plaintiff reasonable access to his legal materials (ECF No. 23), is granted; the administration and stafff of Solano County Jail are so ordered.

2. Plaintiff's request to add the City of Vallejo as a defendant in this action (ECF No. 22), is denied.

3. Plaintiff is directed to file and serve only essential matters in this case, and is again reminded that "the court will view with disfavor any future requests to deviate from the

////
////

---

[1] Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, at 694. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation. In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if– and only if– the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." Collins, 503 U.S. at 123-124 (fn. omitted), citing Canton v. Harris, 489 U.S. 378, 387, 388 (1989).

routine procedures of this court . . . ." (Citation omitted.)

    SO ORDERED.

DATED: September 17, 2013

            _____
            KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE

garr04679.misc