UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-00479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendant. | |

Plaintiff, who is detained in the Solano County Jail, again requests the appointment of counsel.[1] Plaintiff explains that he does not know how to proceed in this action, does not understand the law, and is required to defend his action against defendant's lawyer. Plaintiff further states, "[p]lease reconsider your earlier denial of counsel, if this isn't taken to the fullest extent, this officer will assault someone else if not kill them purpose[fully] as he wanted to do to me." (ECF No. 28 at 1.)

Plaintiff proceeds in forma pauperis in this action. On July 26, 2013, the court reopened this case at plaintiff's request. (ECF No. 17.) On August 2, 2013, the court directed the United States Marshal to serve process on sole defendant Bautista. Because service of process remains

---

[1] Although designated a motion for reconsideration by the Clerk of Court, which is accurate insofar as plaintiff requests reconsideration of the court's denial of his first motion for appointment of counsel, the request is more accurately entitled a motion for appointment of counsel.

1

outstanding, this case, at present, is effectively inactive. Until defendant Bautista appears in this action, plaintiff has no affirmative obligations. Should defendant file an answer, the court will issue a discovery and scheduling order, and discovery will commence. Should defendant file a motion to dismiss, plaintiff will be required to file an opposition. However, pending defendant's appearance, plaintiff need prepare and file no matters herein.

Additionally, the court is not persuaded that plaintiff, or some unidentified third party, is at risk of harm by defendant Bautista, a Vallejo Police Department Officer. While this action proceeds against defendant Bautista based on an allegation of excessive force against plaintiff, the alleged misconduct allegedly occurred on November 10, 2012, nearly one year ago. Plaintiff has submitted no information indicating that defendant Bautista has unfettered physical access to plaintiff at the Solano County Jail, or that defendant has a record of excessive force, or complaints of excessive force, against arrestees other than plaintiff. In other words, plaintiff has submitted no objective basis for concluding that appointment of counsel in the instant case would serve as a deterrent to defendant Bautista's future use of excessive force. While an ultimate verdict for plaintiff in this case may be such a deterrent, this result can be achieved by the court's routinely careful scrutiny of pro se cases, without appointment of counsel. The court finds no exceptional circumstances warranting appointment of counsel at this time.

The court denies plaintiff's instant motion for appointment of counsel for the same reasons previously stated by the court (ECF No. 14 at 2-3):

> District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of counsel.

> . . . [T]he court found, upon initial screening, that plaintiff was able to articulate his claim, despite the complexity of the legal issues involved, and that there was some likelihood of success on the merits of his claim. Despite plaintiff's current protestations to the contrary, the court continues to abide by these assessments. Plaintiff's concern that he is unfamiliar with the legal process (a process which he initiated) is common to most prisoners. Plaintiff's assertion that he has limited reading skills is not supported by a review of his writing skills, which appear to be above the norm. Having thus considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

The court will consider a new motion for appointment of counsel after defendant has appeared in this action, subject to plaintiff's demonstration of exceptional circumstances as required under <u>Palmer</u>.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion for appointment of counsel (ECF No. 28), is denied without prejudice.

2. The Clerk of Court is directed to redesignate plaintiff's motion (ECF No. 28), as a motion for appointment of counsel.

Dated:  October 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garr0479.110.2