UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Pending is plaintiff's third request for appointment of counsel. In denying plaintiff's second request, the court found that plaintiff had failed to meet his burden of demonstrating exceptional circumstances, warranting the appointment of counsel, under Palmer v. Valdez, 560 F.3d 965 (9th Cir. 2009). The court rejected plaintiff's contention that appointment of counsel would serve as a deterrent to the future use of alleged excessive force by defendant Bautista. The court found that plaintiff had, to date, adequately articulated his claim. Nevertheless, the court stated that it would "consider a new motion for appointment of counsel after defendant has appeared in this action, subject to plaintiff's demonstration of exceptional circumstances as required under Palmer." (ECF No. 29 at 3.) Defendant has now filed an Answer (ECF No. 31), and the court has issued a Discovery and Scheduling Order (ECF No. 33).

////

Pursuant to the instant request, plaintiff asserts that he should have a lawyer because it is inequitable since defendant is legally represented; that plaintiff doesn't know how to proceed with discovery or "look up case law;" and that plaintiff wants to join defendant's employer (the Vallejo Police Department and/or City of Vallejo). (ECF No. 36 at 1.)

As plaintiff was previously informed, district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in exceptional circumstances may this court ask an attorney to voluntarily represent a civil rights plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer, supra, 560 F.3d at 970. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances. Id. The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The court has again reviewed the four-page form complaint, which alleges in pertinent part: "On 11/10/12 Officer Bautista #560 kicked me in the face while I was on the ground being tased, then tried to cover it up in his police report, saying he did a round house kick, but in [the] report it clearly states I was on the ground already, tried to make it seem like I had a weapon or was going for one." (ECF No. 1 at 3.) These alleged facts are straightforward, as are the elements of an excessive force claim, the only claim on which this case proceeds.[1] There is only

---

[1] The court found that plaintiff, presumptively a pretrial detainee, had stated a potentially cognizable excessive force claim under the Fourteenth Amendment's Due Process Clause (premised on Eighth Amendment standards), pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). (See ECF No. 8 at 2.) "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citations omitted).
  The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The plaintiff must allege that the use of force resulted in the "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).

1  one defendant, who is represented by an attorney with the Vallejo City Attorney's Office, who is
2  required to provide all relevant discovery requested by plaintiff.  Plaintiff has been provided with
3  a copy of the Federal Rules of Civil Procedure, which provides adequate guidance to plaintiff in
4  the preparation of his discovery requests, and in responding to defendant's discovery requests.  In
5  addition, plaintiff was previously informed that he had alleged no basis for including a municipal
6  defendant, i.e., that "plaintiff does not allege that defendant Bautista's challenged conduct
7  reflected municipal policy or practice." (ECF No. 25 at 2 (citing Monell v. Department of Social
8  Services, 436 U.S. 658, 691 (1978), and Collins v. City of Harker Heights, 503 U.S. 115, 123
9  (1992).)  Plaintiff has proferred no subsequent information to alter this assessment; if plaintiff
10 obtains such information pursuant to discovery, he may then move to amend his complaint to add
11 defendant's employer.
12         For these reasons, the court again finds that plaintiff has failed to meet his burden of
13 demonstrating exceptional circumstances under Palmer.
14         Accordingly, IT IS HEREBY ORDERED that:
15         1. Plaintiff's third motion for appointment of counsel (ECF No. 36), is denied without
16 prejudice.
17         2. The Clerk of Court shall re-send to plaintiff a copy of the Discovery and Scheduling
18 Order filed in this action on November 1, 2013 (ECF No. 33), together with a copy of this order.
19 ////

---

The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, whether or not it results in significant injury. Hudson, 503 U.S. at 9.  However, not "every malevolent touch" by a law enforcement official gives rise to a federal cause of action." Id.  Thus, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and other inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  See Whitley v. Albers, 475 U.S. 312, 321 (1976).

      3. The Clerk of Court shall note plaintiff's notice of temporary change of address, included in his motion for appointment of counsel, pursuant to his current placement in the Marin County Jail, at 13 Peter Behr Drive, San Rafael CA 94903. (See ECF No. 36.)  It is plaintiff's responsibility to keep the court appraised of his current address at all times.  Local Rule 182(f).  Service of documents at plaintiff's record address is fully effective.  Id.  **The court will note and rely on plaintiff's current Marin County Jail address, until such time that plaintiff files a further Notice of Change of Address informing the court of plaintiff's return to CSP-SOL or elsewhere.**

      SO ORDERED.

Dated:  December 10, 2013

                                                                KENDALL J. NEWMAN
                                                                UNITED STATES MAGISTRATE JUDGE

/garr0479.31.3d.amd.kjn

4