UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendant. | |

I. Overview

     Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant to 41 U.S.C. § 1983. Plaintiff is currently incarcerated at California State Prison-Solano (CSP-SOL). This action proceeds on plaintiff's original complaint (ECF No. 1), against one defendant, Vallejo Police Officer Jerome Bautista, on a claim of excessive force, which allegedly occurred incident to plaintiff's arrest on November 10, 2012.[1]  Defendant

---

[1] Plaintiff alleges that Officer Bautista kicked plaintiff in the face after he was immobilized by a taser and fell to the ground, requiring several stitches.  It has become clear, as this case has progressed, that the alleged event occurred on the streets of Vallejo, incident to plaintiff's arrest. On screening, the court inferred that the incident occurred at the Solano County Jail, because that is where plaintiff obtained medical care, and construed plaintiff's claim under the Fourteenth and Eighth Amendments.  (See ECF No. 8 at 2.) Plaintiff now clarifies that his excessive force claim is premised on the Fourth Amendment's guarantee to citizens of their "right 'to be secure in their persons ... against unreasonable ... seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989).

1

1  answered the complaint on October 29, 2013.  (ECF No. 31.)  A Discovery and Scheduling Order
2  issued on November 1, 2013, setting a discovery deadline of February 21, 2014, and a May 16,
3  2014 deadline for filing dispositive motions; both deadlines have expired.  (ECF No. 33.)

4       Pending are plaintiff's requests to:  (1) amend his complaint to add the City of Vallejo as a
5  defendant; (2) reopen discovery and extend the deadlines for discovery and dispositive motions;
6  (3) compel discovery; (4) compel telephone access; and (5) appoint counsel.  Defendant,
7  appearing through the Vallejo City Attorney's Office, has timely responded to each matter
8  requiring a response.  For the following reasons, the court denies each of plaintiff's motions; in
9  addition, the court extends the deadline for filing dispositive motions.

10 II.  Motion for Leave to File Proposed Third Amended Complaint

11      Plaintiff moves for leave to file his proposed Third Amended Complaint (TAC).[2]  (See
12 ECF No. 49.)  Defendant filed an opposition (ECF Nos. 52), and plaintiff filed a reply (ECF No.
13 55).

14     A.  Legal Standards

15      Once an answer to a complaint has been filed, a party may amend a pleading only by
16 leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a).  Leave to
17 amend "shall be freely given when justice so requires."  Id.  In considering a plaintiff's motion for
18 leave to file an amended complaint, the district court may consider the impact of previous
19 amendments, and whether the proposed amendment reflects bad faith, undue delay, prejudice to
20 the opposing party, or futility.  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

21      In the instant case, these factors must be considered in the context of a civil rights action
22 filed by a prisoner proceeding in pro se.  The court is required to screen complaints brought by
23 prisoners seeking relief against a governmental entity or officer or employee of a governmental
24 entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the
25 prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

---

[2] The court notes that plaintiff did not move to file a Second Amended Complaint (SAC). Plaintiff's proposed TAC is, in fact, a proposed SAC.  Nevertheless, to minimize confusion, the court will defer to the parties' designation.

2

Case 2:13-cv-00479-JAM-KJN   Document 56   Filed 07/01/14   Page 3 of 11

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

While the pleading standard set forth in Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing, inter alia, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  However, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  In addition, the allegations of a pro se complaint must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Also pertinent are the legal standards for establishing municipal liability.  A municipality may be liable under Section 1983 when it is a driving force behind the alleged constitutional violation, through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy."  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Pursuant to Monell, municipal liability may be premised on:  (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an

3

official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citations and internal quotation marks omitted.)  See also Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1185 (9th Cir. 2002) (describing two routes to municipal liability, where municipality's official policy, regulation or decision violated plaintiff's rights, or where municipality failed to act under circumstances showing deliberate indifference to plaintiff's rights), cert. denied, 537 U.S. 1106 (2003).

B.  Prior Rulings

This court has twice rejected plaintiff's request to add the City of Vallejo as a defendant in this action.  The court initially reasoned, in part (ECF No. 25 at 2 n.1, and related text):

> Review of plaintiff's complaint demonstrates that plaintiff has failed to allege facts sufficient to state a cognizable claim against either entity [City of Vallejo or Vallejo Police Department], i.e. plaintiff does not allege that defendant Bautista's challenged conduct reflected municipal policy or practice. "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.  Respondeat superior or vicarious liability will not attach under § 1983." Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992) (original emphasis), citing Monell, 436 U.S. at 694-95.

The court revisited this matter when plaintiff requested the appointment of counsel for the purpose of obtaining assistance to add "defendant's employer" to this action.  The court denied both requests, noting in pertinent part (ECF No. 38 at 3):

> [P]laintiff was previously informed that he had alleged no basis for including a municipal defendant, i.e., that "plaintiff does not allege that defendant Bautista's challenged conduct reflected municipal policy or practice." (ECF No. 25 at 2 (citing Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), and Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992).)  Plaintiff has proferred no subsequent information to alter this assessment; if plaintiff obtains such information pursuant to discovery, he may then move to amend his complaint to add defendant's employer.

////

////

////

C. Proposed TAC

In his proposed TAC, plaintiff seeks to add the following allegations (ECF No. 49-1 at 1-2):

> Plaintiff is a member of a group of people and associate [sic] with City of Vallejo resident[s] who have sought, is seeking and/or will seek vindication of their Fourth Amendment rights not to be subjected to unnecessary and excessive force by Vallejo Police Officers. Plaintiff will be seeking damages for "Monell claims" against the City of Vallejo for their longstanding [] practice, policy or custom of allowing Vallejo Police Officers to use excessive force. More specifically, Defendant Bautista's conduct reflects a municipal practice, policy or custom.

D. The Parties' Positions

Defendant opposes plaintiff's motion to file his proposed TAC on the ground that such amendment would be futile. Defendant asserts that plaintiff's deposition testimony "confirms that aside from the City's employment relationship with Defendant Bautista, he has no facts to establish municipal liability." (ECF No. 52 at 1.) Defendant has submitted a copy of the transcript of plaintiff's January 30, 2014 deposition, and cites to selected portions of plaintiff's testimony which allegedly demonstrate the futility of his proposed TAC. The following excerpt is exemplary (Pltf. Depo. at 34):

> Q: So I saw that you're trying to amend your complaint to add the City of Vallejo?
>
> A: Because he's employed by the City of Vallejo . . . . He's just employed by them, I mean the police department. . . . He was trained to assault me. . . .

Defendant contends that this testimony demonstrates no more than a nonactionable respondeat superior theory.

Defendant also contends that allowing amendment of the complaint at this juncture would cause undue delay and be prejudicial to defendant, particularly because the discovery and motion deadlines have expired. Finally, defendant asserts that plaintiff is acting in bad faith because his request "violat[es] . . . [the] court's admonishments" that plaintiff could move to amend his complaint only if he obtained specific information that defendant's challenged conduct reflected municipal policy or practice. (ECF No. 52 at 4, 7 (citing court's orders at ECF 25 at 2, and ECF

5

No. 38 at 3).)

Plaintiff responds that, because he is "now a member of [a] group of people, who have sought, is seeking and/or will seek vindication of their Fourth Amendment rights not to be subjected to unnecessary and excessive use of force by Vallejo Police Officers, Plaintiff has established a pattern or custom that Vallejo Police Officers use excessive force," and thus the alleged force by defendant Bautista "reflects a municipal practice, policy or custom," as alleged in plaintiff's proposed TAC.  (ECF No. 55 at 2-3.)

Plaintiff explains that he recently obtained the lay legal assistance of Mr. Frederick Cooley, who has been a plaintiff in other actions in this court alleging excessive force by Vallejo Police Officers.  (See ECF No. 50, Exh. A (Plaintiff's Declaration).)  Mr. Cooley has filed a declaration in which he similarly avers that he is a "member of a group of Vallejo residents who have or currently are attempting to vindicate their rights against the City of Vallejo and Vallejo Police Officers for claims of excessive force."  (See ECF No. 50 at 11, Exh. B (Cooley Declaration).)  Plaintiff states that Mr. Cooley assisted him with the preparation of the instant motion and proposed TAC.

In addition, plaintiff has identified several allegedly similar actions filed in this court,[3] in which the City of Vallejo has been named as a defendant based on allegations of excessive force by City police officers.

E.  Analysis

The undersigned finds that the delay and prejudice to defendant, if amendment were allowed, outweighs any potential benefit to plaintiff.  Plaintiff's proposed allegation against the City -- "Defendant Bautista's conduct reflects a municipal practice, policy or custom" (ECF No. 49-1 at 2) -- reflects no more than a respondeat superior theory.  Monell, 436 U.S. at 694-95. This proposed allegation is no more than a "naked assertion" devoid of "further factual

---

[3] This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

enhancement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007), quoted with approval in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As such, it fails to meet the pleading standard of Rule 8, Federal Rules of Civil Procedure.  Iqbal, 556 U.S. at 677-78 (claim must have facial plausibility).  Plaintiff's deposition testimony underscores this assessment -- "[b]ecause he's employed by the City of Vallejo. . . . He was trained to assault me."  (Pltf. Depo. at 34).

Review of the excessive force cases identified by plaintiff reinforces this conclusion.  While some cases have permitted the action to proceed against the City, as well as the named officer, others have refused to include the City on the ground that the operative complaint failed to include sufficient allegations to support a claim that official policy was responsible for the officer's alleged misconduct.  See, e.g., Muhammad v. City of Vallejo et al., Case No. 2:12-cv-01304 JAM DAD P (see ECF No. 4 at 2) ("the City of Vallejo is not a proper defendant because there are no allegations in the complaint that an official policy was responsible for a deprivation of plaintiff's constitutional rights"); Black v. City of Vallejo, Case No. 2:12-cv-01439 GEB DAD P (see ECF No. 14 at 1-2) ("if [plaintiff] wished to proceed against the City of Vallejo he would need to allege facts indicating wrongdoing on the city's part.)

These considerations support this court's assessment that it would be futile to add the City of Vallejo to this action, in addition to causing delay and prejudice to defendant.  Allen, supra, 911 F.2d at 373.  The filing of plaintiff's motion on the eve of the discovery deadline (motion filed on February 18, 2014, three days before the February 21, 2014 discovery deadline), while perhaps not indicative of bad faith, would necessarily cause undue delay and significant burden to defendant.

For these reasons, the undersigned finds that justice in this action does not require further amendment of the complaint.  See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").  Accordingly, plaintiff's motion for leave to file his proposed TAC is denied.

III. Motion for Leave to File a First Amended Complaint

Prior to filing his motion for leave to file his proposed TAC, plaintiff moved for leave to file a First Amended Complaint (ECF No. 41), and proposed First Amended Complaint (FAC)

7

1 (ECF No. 45). Defendant opposed plaintiff's motion (ECF No. 43), and moved to strike the FAC
2 (ECF No. 48). Plaintiff did not respond to defendant's motion to strike, but instead filed his
3 motion for leave to file a TAC.
4    The proposed FAC, like the proposed TAC, attempts to add a claim against the City of
5 Vallejo, as well as the Vallejo Police Department. For the reasons previously stated, plaintiff's
6 motion for leave to proceed on his FAC is without merit, and is denied. This action shall proceed
7 on plaintiff's original complaint filed March 8, 2013 (ECF No. 1).
8 IV.  Amended Scheduling Order
9    Plaintiff moves to modify the existing scheduling order, for the purpose of reopening
10 discovery, and extending the dispositive motion deadline. Due to the denial of amended
11 pleadings in this action, there is no reason to extend the discovery deadline. However, in light of
12 the delay in addressing these matters, the court will, sua sponte, extend the dispositive motion
13 deadline for a period of three months.
14 V.  Motion to Compel Discovery
15    Plaintiff moves for an order requiring the Vallejo Police Department to produce a copy of
16 the department rules and policies concerning its use of tasers. (ECF No. 40.) Although this
17 motion was filed prior to expiration of the discovery deadline, the court finds the requested
18 information irrelevant to plaintiff's factual allegations and legal claim against defendant Bautista.
19 The operative complaint alleges that defendant Bautista used excessive force when he allegedly
20 kicked plaintiff while he "was on the ground being tased." (ECF No. 1 at 3.) The complaint does
21 not challenge the tasing itself. Moreover, it was plaintiff's responsibility to request all discovery
22 directly from defendant in the first instance. Discovery requests between the parties are not to be
23 filed with the court unless a party remains dissatisfied with a discovery response after attempting
24 to resolve the matter informally. For these reasons, plaintiff's motion to compel discovery is
25 denied.
26 VI.  Motion for Order Authorizing Telephone Access
27    Plaintiff moves for an order requiring the Marin County Jail to provide plaintiff with
28 daytime access to telephones, and with a phone card. (ECF No. 39.) Plaintiff is no longer

incarcerated at the Marin County Jail. Therefore, plaintiff's motion is denied as moot.

VII. Request for Appointment of Counsel

Plaintiff requests, for the fourth time, appointment of counsel. (ECF Nos. 41, 42; see also ECF Nos. 12, 14, 28, 29, 36, 38.)

As this court has previously informed plaintiff, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in "exceptional circumstances" will a court request that an attorney volunteer his or her time to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009. The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warranting appointment of counsel.

Pursuant to the instant request, plaintiff asserts that appointment of counsel will be necessary if his motion to amend is "not on track," and "if only to help me prepare my case for trial." (ECF No. 41 at 1.) Plaintiff also asserts that he suffers from diagnosed PTSD, and that this case presents "a very stressful situation . . . [in which] I need help, I don't understand all this legal talk & words, it's very overwhelming at times." (ECF No. 42 at 1.)

The court finds, for the fourth time, that plaintiff is capable of articulating his claims without the appointment of counsel. Although legal matters are inherently complex, this factor is common to all prisoner litigation. The instant case does not present extraordinary legal or factual complexity. As this court stated in denying plaintiff's third request for appointment of counsel (ECF No. 38 at 2-3 (fn. omitted)):

> These alleged facts are straightforward, as are the elements of an excessive force claim, the only claim on which this case proceeds. There is only one defendant, who is represented by an attorney with

> the Vallejo City Attorney's Office, who is required to provide all relevant discovery requested by plaintiff. Plaintiff has been provided with a copy of the Federal Rules of Civil Procedure, which provides adequate guidance to plaintiff in the preparation of his discovery requests, and in responding to defendant's discovery requests.

Moreover, plaintiff's asserted PTSD, without supporting documentation, also fails to demonstrate an extraordinary circumstance.

The court again finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Should this case proceed to trial, plaintiff may submit another request for that limited purpose. Therefore, plaintiff's motion will be denied without prejudice.

VIII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file his proposed Third Amended Complaint (ECF No. 49), is denied.

2. Plaintiff's motion for leave to file his proposed First Amended Complaint (ECF No. 41), is denied.

3. Defendant's motion to strike plaintiff's FAC (ECF No. 48), is denied as moot.

4. This action shall proceed on the original complaint filed March 8, 2013 (ECF No. 1).

5. Plaintiff's motion to modify the scheduling order (ECF No. 50), is denied.

6. The court extends the deadline for filing dispositive motions to October 3, 2014.

7. Plaintiff's motion to compel discovery (ECF No. 40), is denied.

8. Plaintiff's motion for a court order authorizing access to the telephones at Marin County Jail (ECF No. 39), is denied as moot.

9. Plaintiff's fourth request for appointment of counsel (ECF Nos. 41, 42), is denied without prejudice.

////

////

1       SO ORDERED.

2 Dated: July 1, 2014

4 /garr0479.misc.amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE