UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendant. | |

I. Introduction

On July 1, 2014, the Magistrate Judge issued an order denying plaintiff's third request to add the City of Vallejo as a defendant in this action. (See ECF No. 56.) On July 24, 2014, plaintiff filed a motion for reconsideration.[1] (ECF No. 57.) Defendant has filed an opposition to the motion (ECF No. 58); plaintiff has filed a reply (ECF No. 59). For the following reasons, plaintiff's motion for reconsideration is denied.

//

//

---

[1] Although plaintiff's motion was entered on the court's docket on July 24, 2014, substantially past the 14 days allowed for seeking reconsideration of the court's July 1, 2014 order, see Local Rule 303(b), the motion is timely under the "mailbox rule." See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) ("the mailbox rule" established in Houston v. Lack, 487 U.S. 266, 276 (1988), applies to Section 1983 suits filed by pro se prisoners, thus rendering the "filing date" of a court document as the date plaintiff signs and delivers the document to prison authorities for mailing). Because plaintiff signed his motion for reconsideration on July 10, 2014 (see ECF No. 57 at 1, 5), it is deemed timely filed by application of the mailbox rule.

I. Background

The Magistrate Judge's challenged order reviewed each of plaintiff's prior requests to add the City of Vallejo as a defendant in this action, and the court's reasoning in denying those requests. In denying plaintiff's third request, as set forth in plaintiff's request for leave to file his proposed Third Amended Complaint (TAC), the Magistrate Judge stated (ECF No. 56 at 6-7):

> Plaintiff explains that he recently obtained the lay legal assistance of Mr. Frederick Cooley, who has been a plaintiff in other actions in this court alleging excessive force by Vallejo Police Officers. (See ECF No. 50, Exh. A (Plaintiff's Declaration).) Mr. Cooley has filed a declaration in which he similarly avers that he is a "member of a group of Vallejo residents who have or currently are attempting to vindicate their rights against the City of Vallejo and Vallejo Police Officers for claims of excessive force." (See ECF No. 50 at 11, Exh. B (Cooley Declaration).) Plaintiff states that Mr. Cooley assisted him with the preparation of the instant motion and proposed TAC. [¶] In addition, plaintiff has identified several allegedly similar actions filed in this court, in which the City of Vallejo has been named as a defendant based on allegations of excessive force by City police officers. . . .
>
> The undersigned finds that the delay and prejudice to defendant, if amendment were allowed, outweighs any potential benefit to plaintiff. Plaintiff's proposed allegation against the City -- "Defendant Bautista's conduct reflects a municipal practice, policy or custom" (ECF No. 49-1 at 2) -- reflects no more than a respondeat superior theory. Monell, 436 U.S. at 694-95. [Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).] This proposed allegation is no more than a "naked assertion" devoid of "further factual enhancement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007), quoted with approval in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As such, it fails to meet the pleading standard of Rule 8, Federal Rules of Civil Procedure. Iqbal, 556 U.S. at 677-78 (claim must have facial plausibility). Plaintiff's deposition testimony underscores this assessment -- "[b]ecause he's employed by the City of Vallejo. . . . He was trained to assault me." (Pltf. Depo. at 34).
>
> Review of the excessive force cases identified by plaintiff reinforces this conclusion. While some cases have permitted the action to proceed against the City, as well as the named officer, others have refused to include the City on the ground that the operative complaint failed to include sufficient allegations to support a claim that official policy was responsible for the officer's alleged misconduct. See, e.g., Muhammad v. City of Vallejo et al., Case No. 2:12-cv-01304 JAM DAD P (see ECF No. 4 at 2) ("the City of Vallejo is not a proper defendant because there are no allegations in the complaint that an official policy was responsible for a deprivation of plaintiff's constitutional rights"); Black v. City of Vallejo, Case No. 2:12-cv-01439 GEB DAD P (see ECF No. 14 at 1-2) ("if [plaintiff] wished to proceed against the City of Vallejo

2

> he would need to allege facts indicating wrongdoing on the city's part.)
>
> These considerations support this court's assessment that it would be futile to add the City of Vallejo to this action, in addition to causing delay and prejudice to defendant. Allen, supra, 911 F.2d at 373. [Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).] The filing of plaintiff's motion on the eve of the discovery deadline (motion filed on February 18, 2014, three days before the February 21, 2014 discovery deadline), while perhaps not indicative of bad faith, would necessarily cause undue delay and significant burden to defendant.
>
> For these reasons, the undersigned finds that justice in this action does not require further amendment of the complaint. See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"). Accordingly, plaintiff's motion for leave to file his proposed TAC is denied.

III. Motion for Reconsideration

    A. Legal Standards

Local Rule 230 requires that a motion for reconsideration include identification of "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and a statement explaining "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3), (4). This rule derives from the "law of the case" doctrine, which provides that legal decisions made in a case "should be followed unless there is substantially different evidence . . . , new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Inv. Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

In addition, Rule 60, Federal Rules of Civil Procedure, authorizes relief from an order for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), subject to an "extraordinary circumstances" standard, so as not to permit "a second bite at the apple," but to avoid inequitable results and accomplish justice, In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989).

/////

/////

3

B. <u>Analysis</u>

In his present motion, plaintiff again seeks to amend his complaint to add the following claim against the City of Vallejo:

> Plaintiff is a member of a group of people and associate [sic] with City of Vallejo resident[s] who have sought, is seeking and/or will seek vindication of their Fourth Amendment rights not to be subjected to unnecessary and excessive force by Vallejo Police Officers. Plaintiff will be seeking damages for "<u>Monell</u> claims" against the City of Vallejo for their longstanding [] practice, policy or custom of allowing Vallejo Police Officers to use excessive force. More specifically, Defendant Bautista's conduct reflects a municipal practice, policy or custom.

(ECF No. 49-1 at 1-2; <u>see</u> also ECF No. 57 at 2.) Plaintiff avers that this allegation, as framed, mirrors the allegation in <u>Hunter v. County of Sacramento</u>, 652 F.3d 1225 (9th Cir. 2011), which the Ninth Circuit found adequate to state a cognizable claim against the County of Sacramento.

Plaintiff's reliance on <u>Hunter</u> is misplaced. In <u>Hunter</u>, the Ninth Circuit reversed the district court's denial of a motion for new trial filed by plaintiff Sacramento County Jail inmates. The Ninth Circuit noted that, in an earlier ruling on defendants' motion for summary judgment, "the District Court dismissed all of plaintiffs' claims except for their <u>Monell</u> claim against the County of Sacramento . . . [which] alleged that they were subjected to excessive force, in violation of their rights under 42 U.S.C. § 1983, pursuant to defendant's longstanding practice or custom of subjecting inmates at the Main Jail to excessive force." <u>Id.</u> at 1227 (fn. omitted). The Ninth Circuit emphasized that record evidence supported this claim.[2] Therefore, the Ninth Circuit

---

[2] The Ninth Circuit summarized the evidence supporting the district court's earlier ruling as follows:

> In its ruling denying summary judgment on this claim, the District Court's opinion placed primary emphasis upon a declaration submitted by plaintiffs' expert, Lieutenant Twomey, a former employee of the Sacramento County Sheriff's Department . . . that there were 40 to 50 "major incidents" of excessive force at the Main Jail from 2000 to 2005. . . . The Court found that all of this evidence created a material issue of fact as to whether the County had a practice or custom of using excessive force, despite the fact that the County had formal written policies prohibiting the use of excessive force.

<u>Hunter</u>, 652 F.3d 1227-28.

4

found prejudicial error in the district court's rejection of plaintiffs' proposed <u>Monell</u> jury instructions and remanded the action for a new trial.

In <u>Hunter</u>, record evidence supported plaintiffs' excessive force <u>Monell</u> claim, and thus the summary allegations of plaintiffs' complaint.  Although discovery has not concluded in the instant case, the Magistrate Judge appropriately found that plaintiff's proposed claim against the City of Vallejo fails to allege any specific facts from which to infer that the challenged conduct of defendant officers was premised on a City policy or practice.  Nor does plaintiff's briefing identify specific facts that raise such an inference.  The Magistrate Judge properly characterized plaintiff's proposed claim as no more than a "naked assertion."  (ECF No. 56 at 6.)  Plaintiff asserts no new or different facts or circumstances warranting reconsideration of the court's ruling. <u>See </u>L.R. 230(j).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 57) is denied.

DATED:   November 14, 2014

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE