UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendant. | |

Plaintiff is a state prisoner, currently incarcerated at California State Prison–Solano. Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Bautista, a police officer with the City of Vallejo Police Department, used excessive force during the course of an arrest by kicking plaintiff in the jaw. Presently before the court is defendant's motion for summary judgment. (ECF No. 60.) Plaintiff filed an opposition (ECF No. 61), and defendant filed a reply (ECF No. 63).

Defendant submitted a declaration in support of his summary judgment motion. (ECF No. 60-4 at 1-2.) He therein avers:

> I arrived at the scene of plaintiff's arrest after plaintiff had crashed and exited his vehicle. When I arrived, plaintiff was being taken into custody and handcuffed. I wrote a report that day confirming this and my involvement in the pursuit. A true and correct copy of the entire report is attached hereto as Exhibit 1. The portion I authored is entitled "Supplemental Report" and starts at page 10 of 11.

1

(Id. ¶ 5.)

The court has reviewed the police report which defendant filed. (ECF No. 60-4 at 3-16.) A portion of that report, apparently written by one Corporal Estudillo, provides as follows:

> I purposely utilized a 'round house' kick striking the suspect in the side of his head to keep from reaching into his waistband. I utilized this emergency strike zone acting under the belief that the suspect was retrieving a gun. Upon kicking him he appeared to stop reaching and showed his hands.

(Id. at 14.)

Based on prior filings in this matter, the court is of the view that plaintiff may have misunderstood this portion of the police report. Plaintiff has, on at least three prior occasions, moved to file an amended complaint in this matter (to name the City of Vallejo and/or the Vallejo Police Department as defendants), and thrice been denied. (See ECF Nos. 22, 41, 49.) In conjunction with the last such motion, plaintiff filed a proposed Third Amended Complaint in which he alleged:

> Defendant Bautista attempted to cover up his police report by saying he did a round house kick but the report clearly states Plaintiff was on the ground. Defendant Bautista attempted to make it seem like plaintiff had a weapon.

(ECF No. 49-1 at 1.) The court infers from this passage that plaintiff misread the quoted passage from the police report and believed it to be written by defendant, rather than by Corporal Estudillo, a non-party. The court is of the view that, particularly in light of his status as a pro se litigant, plaintiff should not be prejudiced by his misreading of the report, and should be permitted to proceed against the party who may have actually inflicted the injury on which he sues. Cf., Rand v. Rowland, 154 F.3d 952, 957, 958 (9th Cir. 1998) (noting that "we tolerate informalities from civil pro se litigants" and expressing "concern for the pro se prisoner litigant who also faces the unique handicaps of incarceration.") Moreover, it would be a waste of resources, for all involved, to permit plaintiff to continue to proceed against the incorrect defendant.

The court has the power to sua sponte permit the amendment of a complaint to name additional defendants. See Fed R. Civ. P. 21 ("On motion or on its own, the court may at any

1 time, on just terms, add or drop a party.")  Moreover, "[t]he court should freely give leave [to
2 amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Leave to amend is entrusted to the
3 sound discretion of the trial court . . . ." Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331
4 (9th Cir. 1996).

5     The court is mindful that there may be aspects of this case of which it is unaware and that
6 ought to bear on its decision as to whether to allow plaintiff to proceed against Corporal Estudillo.
7 Accordingly, the court will solicit defendant's view as to the propriety of permitting plaintiff to
8 amend the operative complaint to name Corporal Estudillo as a defendant.

9     In light of the foregoing, IT IS HEREBY ORDERED that:

10   1. Counsel for defendant Officer Bautista is ordered to show cause in writing, within
11 fourteen days of entry of this order, as to why plaintiff should not be granted leave to
12 file an amended complaint that names Corporal Estudillo as an additional defendant.
13 If counsel does not oppose such an amendment, she should so indicate in her response
14 to this order.  Counsel should also indicate whether she is willing to accept service of
15 an amended complaint on behalf of Corporal Estudillo.

16   2. The court will defer issuing findings and recommendations regarding defendant's
17 motion for summary judgment (ECF No. 60) until it decides the issue of whether
18 plaintiff will be permitted to file an amended complaint herein.

19 Dated: May 4, 2015

20
21 /garr0479.osc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3