1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendant. | |

Plaintiff is a former state prisoner. Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Bautista, a police officer with the City of Vallejo Police Department, used excessive force during the course of an arrest by kicking plaintiff in the jaw. Presently before the court is defendant Bautista's motion for summary judgment, in which Bautista asserts the absence of any genuine dispute regarding the fact that he did not kick plaintiff in the jaw. (ECF No. 60.) In support of this contention, defendant Bautista presents the following evidence:

- Plaintiff testified at deposition that plaintiff first encountered Bautista two to three weeks before he was allegedly kicked by Bautista. (Deposition of Plaintiff, ECF No. 68 at 9-10.) Bautista allegedly concluded this initial encounter by saying to plaintiff that "the next time he seen me he was going to blow my brains out. Those was his exact words." (sic) (Id. at 10.)

1

- On November 10, 2012, plaintiff led Vallejo police officers on a vehicle chase "driving through yards, over light posts . . . trying to get away. Driving over medians, going the wrong way in traffic." (Plaintiff's Response to Defendant's Statement of Undisputed Facts ("PRDSUF") 2, ECF No. 62.)
- Defendant Bautista was one of the officers who engaged in a vehicle pursuit of plaintiff on November 10, 2012. (PRDSUF 6.)
- According to defendant Bautista, he eventually lost sight of plaintiff's vehicle and another Vallejo police vehicle became the primary pursuing unit. (Bautista Declaration ¶ 4, ECF No. 60-4.) Plaintiff denies this assertion. (PRDSUF 8.)
- The chase ended when Plaintiff crashed into another vehicle. (PRDSUF 3.)
- Plaintiff was tased by an officer other than defendant Bautista. (PRDSUF 10.)
- Plaintiff testified at deposition that while he "was on the ground being tased," he was kicked in the face, leaving a scar. (Plaintiff Depo., ECF No. 68 at 14.)
- Plaintiff was ultimately handcuffed, searched, and taken into custody. (PRDSUF 5.)
- Defendant Bautista submitted a declaration and a police report in which he states that he did not arrive at the scene of the arrest until after plaintiff was being handcuffed and taken into custody. (Bautista Decl. ¶ 5 & Exhibit 1, ECF No. 60-4 at 1-2, 15-16.)
- Plaintiff saw Bautista's badge and name after he was kicked, handcuffed, and in custody. (PRDSUF 11.)
- After plaintiff was arrested, he was transported to the hospital via ambulance. (PRDSUF 13.)
- Plaintiff testified at deposition that he "don't even think [Bautista] came" to the hospital and that he "don't recall seeing him there." (Plaintiff Depo., ECF No. 6 at 27, 28.)
- Defendant Bautista submitted a video clip which he claims shows plaintiff laying on a hospital bed while Bautista asks plaintiff to consent to medical treatment. (Bautista Decl. ¶ 7, ECF No. 60-4 at 2.)

////

1    The court conducted an initial review of the materials submitted by the parties in support
2    of, and in opposition to, the motion for summary judgment.  Upon concluding its review, the
3    court noted that a portion of the police report describing plaintiff's arrest was written by one
4    Corporal Estudillo, also a police officer with the Vallejo Police Department.  The pertinent
5    portion of the report provides as follows:

> I purposely utilized a 'round house' kick striking the suspect in the side of his head to keep from reaching into his waistband.  I utilized this emergency strike zone acting under the belief that the suspect was retrieving a gun.  Upon kicking him he appeared to stop reaching and showed his hands.

9    (ECF No. 60-4 at 14.)

10   It appeared to the court that – at least according to this police report – the individual who
11   kicked plaintiff in the jaw may have been Corporal Estudillo (a non-party), rather than defendant
12   Bautista.  Accordingly, the court issued an order for defendant Bautista to show cause as to why
13   plaintiff should not be granted leave to file an amended complaint naming Estudillo as an
14   additional defendant.  (ECF No. 65.)

15   In response, defendant Bautista filed excerpts of plaintiff's deposition in which plaintiff
16   testified that the officer who kicked him in the face, and whom he had first encountered two to
17   three weeks earlier, "looked black" and was "dark skinned."  (ECF No. 66-2 at 2; ECF No. 68 at
18   10.)  Bautista also submitted a picture of Corporal Estudillo in which Estudillo appears fair-
19   skinned.  (ECF No. 66-3 at 1.)  Bautista argues against granting plaintiff leave to amend,
20   contending that "Corporal Estudillo is demonstrably NOT the person who[m] plaintiff is trying to
21   sue" and that "[t]o maintain a cause of action against Corporal Estudillo, plaintiff would have to
22   fundamentally contradict his previous sworn testimony . . . ."  (ECF No. 66 at 2.)  Finally,
23   Bautista cites Jones v. Williams, 297 F.3d 930 (9th Cir. 2002), in which the Ninth Circuit held
24   that a plaintiff must demonstrate each defendant's "personal involvement in and a causal
25   connection to the unlawful act [in order to] create liability under section 1983."  Id. at 939.

26   It appears that, to date, plaintiff has adamantly maintained that defendant Bautista is the
27   individual who kicked him in the face.  If that is still true, the court will proceed to consider the
28   merits of Bautista's motion for summary judgment.  Nevertheless, out of an abundance of

3

caution, the court wishes to hear from plaintiff regarding whether he wants to file an amended complaint naming Corporal Estudillo as an additional defendant. In responding to this order, plaintiff should carefully consider the fact that, even if the court permits him to file an amended complaint, there is nothing to prevent Bautista and Estudillo from once again moving for summary judgment, and introducing all of the evidence cited above in order to discredit plaintiff's version of events.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Within fourteen days of entry of this order, Plaintiff is directed to notify the court whether (i) he wishes to continue against Officer Bautista as the sole named defendant in this action, or (ii) plaintiff wishes to amend his complaint to add Corporal Estudillo as an additional named defendant.[1] Plaintiff is cautioned that he will not be permitted to amend his complaint to add the City of Vallejo, the City of Vallejo Police Department, or any other individual or entity other than Corporal Estudillo as additional defendants.

2. The court will defer issuing findings and recommendations regarding defendant's motion for summary judgment (ECF No. 60) until it first decides whether to allow plaintiff to file an amended complaint herein.

Dated: July 29, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/garr0479.plf.opt

---

[1] If yes, plaintiff will also need to timely file a motion for leave to amend his complaint, along with a proposed amended complaint – and defendant will still have an opportunity to oppose such a motion.