UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER BAUTISTA, | |
| Defendant. | |

Plaintiff is a state prisoner, currently incarcerated at California State Prison–Solano. Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Throughout the course of this action, plaintiff has alleged that sole defendant Bautista, a police officer with the City of Vallejo Police Department, used excessive force during the course of plaintiff's arrest by kicking plaintiff in the jaw. Defendant Bautista eventually filed a motion for summary judgment, in which he asserts the absence of any genuine dispute regarding the fact that he did not kick plaintiff in the jaw. (ECF No. 60.) The court conducted an initial review of the materials submitted by the parties in support of, and in opposition to, the motion for summary judgment. Upon concluding its review, the court noted that – at least according to a police report submitted by defendant in support of his summary judgment motion – the individual who kicked plaintiff in the jaw may have been one Corporal Estudillo (a non-party), rather than defendant

1

Bautista.  (See ECF No. 69.)  Out of an abundance of caution, the court granted plaintiff leave to file an amended complaint in which he named Estudillo as an additional defendant.  (Id.)

In response, plaintiff filed a motion to amend the complaint, together with a proposed third amended complaint.  (ECF No. 70.)  Notably, as discussed in the court's August 28, 2015 order, plaintiff chose to proceed in his proposed amended complaint solely against Corporal Estudillo, rather than against both Estudillo and Bautista.  (See ECF No. 71.)  Defendant Bautista timely filed an opposition to plaintiff's motion to amend.  (ECF No. 72.)  Plaintiff has not filed a reply.

Defendant argues that the applicable statute of limitations has expired on plaintiff's claim against defendant Corporal Estudillo.  Because 42 U.S.C. § 1983 has no independent statute of limitations, see Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000), courts must instead apply the limitations period governing personal injury actions in the state where the cause of action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007) (citing Owens v. Okure, 488 U.S. 235, 238 (1989)); see also Wilson v. Garcia, 471 U.S. 261, 271-72, 276 (1985).  Under California law, as of January 1, 2003, the generally-applicable statute of limitations in personal injury actions is two years.  See Cal. Code Civ. Proc. § 335.1.[1]

As plaintiff alleges that Corporal Estudillo subjected him to excessive force on November 10, 2012, the statute of limitations on any Section 1983 claim against Estudillo would have run on November 10, 2014.[2]  Accordingly, in order to state a claim solely against Estudillo, plaintiff's proposed amended complaint would have to relate back to March 8, 2013, the date on which plaintiff filed his initial complaint against defendant Bautista.

---

[1] As plaintiff was not incarcerated at the time he alleges that Corporal Estudillo struck him, he is not entitled to tolling under California Code of Civil Procedure § 352.1(a), which provides: "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  Id.

[2] Defendant's brief contends that the applicable deadline is November 14, 2014 (ECF No. 72 at 6), rather than November 10, 2014 without further explanation.  The court is uncertain as to why defendant chose the former date, but in any event, the analysis as to the limitations period is the same for either date.

1   Under the applicable provision of Federal Rule of Civil Procedure 15:

2   **An amendment to a pleading relates back to the date of the original pleading when**:

3   (A) the law that provides the applicable statute of limitations allows relation back;

4   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

5   (C) **the amendment changes the party** or the naming of the party **against whom a claim is asserted**, if Rule 15(c)(1)(B) is satisfied **and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment**:

6   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

7   (ii) **knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity**.

Fed. R. Civ. P. 15(c) (emphasis added).

Federal Rule of Civil Procedure 4(m) provides 120 days for service of the summons and complaint, and in a non-prisoner case, would ordinarily have established a deadline of July 6, 2013. However, given the requirement set forth in 28 U.S.C. § 1915A that the court review "a complaint in a civil action in which a prisoner seeks redress from a[n] . . . officer or employee of a governmental entity" prior to ordering service, the court finds that the applicable deadline was November 30, 2013, i.e., 120 days after August 2, 2013, the date on which the court ordered service of the summons and complaint on defendant Baustista.

Accompanying defendant's opposition is the declaration of defendant's counsel, Kelly J. Trujillo, which sets forth facts establishing that Corporal Estudillo retired from the City of Vallejo Police Department on February 24, 2013, before the filing of this action. (ECF No. 72-1 ¶ 2.) The declaration further provides that "when a new lawsuit is served on the City of Vallejo, the City Attorney's office provides email notification of the new lawsuit to the named Defendant(s), the department head of the named employee(s)[,] and City administration. [. . .] [S]uch notice was provided via email on September 10, 2013 to the Chief of Police and City administration. On

3

October 11, 2013, an email regarding the lawsuit was sent to Officer Bautista. Corporal Estudillo was not sent this notice during the Rule 4(m) period or at any other time regarding this matter because he was not a named Defendant." (Id. ¶¶ 3-4.)

In the court's view, under these facts, plaintiff cannot show that Corporal Estudillo "should have known" of the instant lawsuit within the applicable period. Fed. R. Civ. P. 15(c)(ii). Nevertheless, the declaration provided by defendant's counsel is insufficient to establish that Corporal Estudillo did not actually know of the lawsuit prior to November 30, 2013. It is possible that defendant Bautista may have told Corporal Estudillo about the lawsuit, or that Estudillo heard about the lawsuit through other channels. Accordingly, before ruling on the issue of whether plaintiff may proceed on a complaint naming Bautista as the sole named defendant, the court must hear from Estudillo regarding the date, if any, on which he learned of the instant lawsuit.

In light of the foregoing, IT IS HEREBY ORDERED that, within twenty-one days, defendant is directed to file and serve a declaration, signed by Corporal Estudillo under penalty of perjury, that states the date on, and the circumstances under, which Corporal Estudillo learned of the instant lawsuit.

Dated: November 2, 2015

/garr0479.dec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4