1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY TYRONE GARRISON, | No. 2:13-cv-0479 JAM KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OFFICER BAUTISTA, | |
| Defendant. | |

Plaintiff is a state prisoner, currently incarcerated at California State Prison–Solano. Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Throughout the course of this action, plaintiff has alleged that sole defendant Officer Bautista, a police officer with the City of Vallejo Police Department, used excessive force during the course of plaintiff's arrest by kicking plaintiff in the jaw. Defendant Bautista eventually filed a motion for summary judgment, in which he asserted the absence of any genuine dispute regarding the fact that he (Bautista) did not kick plaintiff in the jaw. (ECF No. 60.) The court conducted an initial review of the materials submitted by the parties in support of, and in opposition to, the motion for summary judgment. Upon concluding its review, the court noted that – at least according to a police report submitted by defendant in support of his summary judgment motion – the individual who kicked plaintiff in the jaw may have been one Corporal

1

Estudillo (a non-party), rather than defendant Bautista. (See ECF No. 69.) Out of an abundance of caution, the court granted plaintiff leave to file an amended complaint naming Estudillo as an additional defendant. (Id.)[1]

In response to the court's order, plaintiff filed a motion to amend the complaint, together with a proposed amended complaint. (ECF No. 70.) Notably, in his proposed amended complaint, plaintiff chose to proceed solely against Corporal Estudillo, rather than against both Estudillo and Bautista. (See ECF No. 71.) Defendant Bautista timely filed an opposition to plaintiff's motion to amend. (ECF No. 72.) Plaintiff failed to file a reply.

Defendant argues in his opposition that the applicable statute of limitations has run on plaintiff's claim against defendant Corporal Estudillo. Because 42 U.S.C. § 1983 has no independent statute of limitations, Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000), courts must instead apply the limitations period governing personal injury actions in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007) (citing Owens v. Okure, 488 U.S. 235, 238 (1989)); see also Wilson v. Garcia, 471 U.S. 261, 271-72, 276 (1985). Under California law, as of January 1, 2003, the generally-applicable statute of limitations in personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1.[2]

As plaintiff alleges that Corporal Estudillo subjected him to excessive force on November 10, 2012, the statute of limitations on any Section 1983 claim against Estudillo would have run on November 10, 2014.[3] In order to state a claim solely against Estudillo, then, plaintiff's proposed

---

[1] The undersigned expressly suggested plaintiff name an additional defendant to potentially avoid the relation-back issue.

[2] As plaintiff was not incarcerated at the time he alleges that Corporal Estudillo struck him, he is not entitled to tolling under California Code of Civil Procedure § 352.1(a), which provides: "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Id.

[3] Defendant's brief contends that the applicable deadline is November 14, 2014 (ECF No. 72 at 6), rather than November 10, 2014, without further explanation. The court is uncertain as to why defendant chose the former date, but in any event, the analysis as to the limitations period is the same whichever date is chosen.

2

1   amended complaint would have to relate back to March 8, 2013, the date on which plaintiff filed

2   his initial complaint against defendant Bautista.

3       Under the applicable provision of Federal Rule of Civil Procedure 15:

4   **An amendment to a pleading relates back to the date of the original pleading when**:

5

6   (A) the law that provides the applicable statute of limitations allows relation back;

7   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

8

9   (C) **the amendment changes the party** or the naming of the party **against whom a claim is asserted**, if Rule 15(c)(1)(B) is satisfied **and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment**:

10

11

12   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

13

14   (ii) **knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity**.

15

16  Fed. R. Civ. P. 15(c) (emphasis added).

17       Federal Rule of Civil Procedure 4(m) provides 90 days after filing for service of the

18  summons and complaint,[4] and in a non-prisoner case, would ordinarily have established a

19  deadline of June 6, 2013.  However, given the requirement set forth in 28 U.S.C. § 1915A that the

20  court review "a complaint in a civil action in which a prisoner seeks redress from a[n] . . . officer

21  or employee of a governmental entity" prior to ordering service, the court finds that the applicable

22  deadline was October 31, 2013, i.e., 90 days after August 2, 2013, the date on which the court

23  ordered service of the summons and complaint on defendant Baustista.  (See ECF No. 20.)

24

---

[4] Prior to December 1, 2015, Federal Rule of Civil Procedure 4(m) provided 120 days after filing for service of the complaint. However, the court must "apply the legal standards presently in effect, rather than those that were [previously] in effect . . . ." Frye v. Wong, No. CIV. S–99–628 LKK CKD, 2014 WL 4369161 at *3 (E.D. Cal. Aug. 28, 2014). Accord Tully v. Mobil Oil Corp., 455 U.S. 245, 247 (1982) ("The normal rule in a civil case is that we judge it in accordance with the law as it exists at the time of our decision."). Accordingly, the court applies the new 90 day deadline herein.

Accompanying defendant's opposition is the declaration of defendant's counsel, Kelly J. Trujillo, which sets forth facts establishing that Corporal Estudillo retired from the City of Vallejo Police Department on February 24, 2013, before the filing of this action. (ECF No. 72-1 ¶ 2.) The declaration further provides that "when a new lawsuit is served on the City of Vallejo, the City Attorney's office provides email notification of the new lawsuit to the named Defendant(s), the department head of the named employee(s)[,] and City administration. [. . .] [S]uch notice was provided via email on September 10, 2013, to the Chief of Police and City administration. On October 11, 2013, an email regarding the lawsuit was sent to Officer Bautista. Corporal Estudillo was not sent this notice during the Rule 4(m) period or at any other time regarding this matter because he was not a named Defendant." (Id. ¶¶ 3-4.)

In the court's view, under these facts, plaintiff cannot show that Corporal Estudillo "should have known" of the instant lawsuit within the applicable period. Fed. R. Civ. P. 15(c)(1)(C)(ii).

Defendant's briefing nevertheless left open the question of whether Corporal Estudillo "knew," i.e., had actual knowledge of, the instant lawsuit within the applicable period. Therefore, by order filed November 3, 2015, the court directed defendant to "file and serve a declaration, signed by Corporal Estudillo under penalty of perjury, that states the date on, and the circumstances under, which Corporal Estudillo learned of the instant lawsuit." (ECF No. 74 at 4.) On November 16, 2015, defendant filed a responsive declaration made under penalty of perjury by Corporal Estudillo. Estudillo therein avers that "[p]rior to Sepmber 2015, [he] had not knowledge about the instant lawsuit from any source." (ECF No. 75 at 2.)

In light of Corporal Estudillo's declaration, plaintiff has failed to show that Corporal Estudillo "knew" of the instant lawsuit within the applicable period. Fed. R. Civ. P. 15(c)(1)(C)(ii). Consequently, plaintiff cannot demonstrate that his proposed amended complaint "relates back" to the date on which he filed his original complaint. Plaintiff's motion for leave to file an amended complaint naming Corporal Estudillo as the sole defendant must therefore be denied.

////

Moreover, through the filing of a proposed amended complaint omitting Officer Bautista as a named defendant, plaintiff has implicitly conceded that Bautista was not the individual who committed the alleged civil rights violations. See Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support . . . .").[5] It therefore appears that Officer Bautista is entitled to entry of summary judgment in his favor, on the grounds that there is no genuine dispute that he was not the individual who allegedly kicked plaintiff in the face on November 10, 2012. (See ECF No. 60.)

Dismissal of this action therefore appears warranted.

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to file a third amended complaint (ECF No. 70) be denied, based on plaintiff's failure to file a complaint against Corporal Brian Estudillo within the applicable statute of limitations;

2. Defendant's motion for summary judgment (ECF No. 60) be granted; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

---

[5] Plaintiff also filed a declaration, in support of his motion for leave to file an amended complaint naming Corporal Estudillo as the sole defendant, in which he states that his "intentions is to bring action against the officer that kicked me in my face there would be no need to seek litigation against two defendants when there was only one who violated my constitutional rights." (sic) (ECF No. 70-1 at 2.) This statement reinforces the court's view that plaintiff has acknowledged that Officer Bautista did not kick him in the face, thereby conceding the grounds for defendant's summary judgment motion.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/garr0479.dism